[Civ. No. 15609.   Second Dist., Div. One.   June 2, 1947.]

FREDRICK J. GASPARD, Appellant, v. GLADDIS
GASPARD, Respondent.

Charles T. Lester and Ralph C. Curren for Appellant.

Hahn, Ross & Goldstone and E. L. Saunders for Respondent.

DORAN, J.—This is an appeal by plaintiff from a judgment for defendant in an action on a property settlement agreement.

Plaintiff and defendant, husband and wife, entered into said agreement incidental to their separation. The agreement is comprehensive, but it is sufficient to note, as pointed out in respondent's brief, that, "The question involved is the interpretation of a property settlement agreement between the appellant husband and the respondent wife, particularly a clause in the agreement which is as follows:

" 'All the balance of the community property of the parties hereto, (and it is hereby agreed that all property standing in the name of either of them, whether as joint tenants or not, is hereby declared to be community property) shall be and become and is hereby declared to be the separate property of the second party, subject, however, and to be held by the second party as security for payment of all monies payable under the provisions of Paragraph 3 hereof, and the said

property shall not be released from said guarantee until such time as Second Party has acquired an annuity payable to First Party at the rate of $250.00 per month during her lifetime, and if and when said annuity has been acquired, and payments thereunder are being made at the rate of $250.00 per month, then Second Party shall be released from any further payments to First Party under Paragraph 3 hereof, and all of the balance of said community property in this paragraph referred to, shall be released free of said guarantee to Second Party.' ''

The complaint alleges:

### "III.

"That the defendant has failed and refused and still fails and refuses to perform certain stipulations, conditions and agreements of said contract on her side to be performed, in that at the time of the signing of the contract Gladdis Gaspard had in her possession and standing in her name $4,000.00 in United States Postal Savings Bonds of the fair and reasonable value of $4,000.00, which pursuant to Paragraph 5 of the contract hereto attached was declared to be the community property of the parties and which pursuant to said contract at said time became and is now the property of the plaintiff.

### "IV.

"That although plaintiff has duly demanded delivery of said bonds, defendant has failed, neglected and refused to deliver the same or any part thereof.

### "V.

"That by reason of the premises plaintiff has been damaged in the sum of $4,000.00, no part of which has been paid, although due demand has been made for the payment of the whole thereof.

"WHEREFORE, plaintiff prays judgment against defendant for the sum of $4,000.00, with interest from August 2, 1943, for cost of suit, and for such other and further relief as to the Court seems just and proper in the premises."

Defendant was permitted to testify as follows:

"Q. BY MR. HAHN: Mrs. Gaspard, did you at any time agree to give your husband the $3,000.00 in bonds?

"Q. BY MR. HAHN: Or Postal savings?

"MR. CURREN: And I have the same objection, your Honor.

"THE COURT: You may answer.

"Q. By Mr. Hahn: Answer the question. (Question again read.) A. No, I did not.

"Q. How long did you have those postal savings bonds before the divorce was instituted?

"Mr. Curren: Objected to on the grounds it is incompetent, irrelevant and immaterial, bearing on no issues in this case.

"The Court: Overruled.

"Q. By Mr. Hahn: Answer that. How long did you have those postal savings bonds before a divorce came up? A. I had them years before the divorce."

. . .

"Q. . . . Where did you get the money to buy those bonds from? A. My check from Carbo-Fung dividends.

"Q. Were they Christmas gifts? A. some of them.

"Q. Given to you by your husband? A. Yes.

"Mr. Curren: My objection may run to that your Honor?

"The Court: It is running to the whole line of questions."

The record also reveals that in connection with a hearing for alimony pendente lite in the divorce proceedings, defendant's affidavit contains the following, "Statement of all separate property, both real and personal, owned by wife: nothing."

The findings of fact recite that, "prior to and at the time of the signing of said contract, the defendant did have $3,000.00 in United States Postal Savings Bonds of the reasonable value of $3,000.00; that, however, prior to and at the time of the signing of said contract, said postal savings bonds were the sole and separate property of the defendant and were known to be such by the plaintiff; that the plaintiff specifically agreed prior to and at the time of the execution of said contract that said postal savings bonds were and should continue to remain and be the sole and separate property of the defendant and were not to be included in said contract; that it was not the intention of the parties hereto, or either of them, that said postal savings bonds should become the property of the plaintiff under or by reason of said contract; that if the said postal savings bonds had been included in said contract, the defendant would not have entered into or executed said contract; that said postal savings bonds did not become the property of the plaintiff under or by virtue of said contract but are the sole and separate property of the defendant, and that the plaintiff has no right, title, or interest in said

postal savings bonds, or any part thereof, and is not entitled to the value of said bonds, or any part thereof.''

It is contended by appellant in substance that there is no evidence to support the above quoted findings of fact, hence the contract which, it is argued is clear and free from ambiguity, should be upheld.

Respondent on the contrary contends that because the words, ''*separate* property of the First Party wife, or the *separate* property of any of the parties'' are not specifically mentioned, the contract is uncertain, hence extrinsic evidence was admissible.

The record supports appellant's contentions. As pointed out by appellant, ''There is virtually no dispute as to the facts.'' With the exception of some exhibits offered by plaintiff, the testimony of defendant which was brief was the only evidence offered. And in that connection it should be noted that the witness' testimony in reply to the question, ''Did you at any time agree to give your husband the $3,000.00 in bonds? A. No, I did not.'' obviously is a conclusion. This is also true with reference to the witness' testimony that the bonds were, ''Q. Given to you by your husband? A. Yes.''

There appears to be no ambiguity in the language of the agreement nor is there any uncertainty. It affirmatively and clearly appears that ''all property standing in the name of either of them'' is ''declared,'' and therefore must have been understood by them, ''to be community property.'' It appears to have been the acknowledged basis of the agreement. Courts have never upheld the repudiation of an agreement. It is only when the language is open to doubt that courts will undertake to determine the intent of the parties.

The clear terms of the agreement reveal that whatever the character of the property of the parties may have been, it was community property for the purposes of the agreement, and for its disposition according to the terms of the agreement. There is no evidence to support the court's finding to the contrary.

For the foregoing reasons the judgment is reversed.

York, P. J., and White, J., concurred.